## Case No. 8,195.

### LEE v. LINCOLN.

[1 Story, 610; 4 Law Rep. 301; 6 Hunt, Mer. Mag. 174.] [1]

Circuit Court. D. Massachusetts. Oct. Term, 1841.

CUSTOMS DUTIES—CONSTRUCTION OF TARIFF LAWS —GUNNY BAGS—COTTON BAGGING.

[If the jury find that gunny cloth and bags were before the tariff act 1832 (4 Stat. 583) not known to merchants and the trade under the general head of cotton bagging. but had a distinctive name. then the cloth and bags should not be taxed under the act as cotton bagging, although since its passage they had been imported and used as cotton bagging.]

---

1 [Reported by William W. Story, Esq. 6 Hunt, Mer. Mag. 174, contains only a condensed report.]

This was an action [by Henry Lee] against the defendant [Levi Lincoln], as collector of the port of Boston, to recover back the amount of duties, paid under protest, upon a quantity of gunny cloth, imported by the plaintiffs, and charged with the duty on cotton bagging by the collector. The tariff act of 1832 [4 Stat. 583] lays a duty "on cotton bagging, three and a half cents per square yard, without regard to the weight or width of the article." There is no mention in this, or in any preceding tariff law, of the article, gunny cloth. It was stated, and not denied on the part of the government, that the comptroller of the treasury, at Washington, issued a circular, dated December 26th, 1833, in which gunny cloth was declared "exempt from duty, on the assumption of its being an unenumerated article." After this declaration, the article was imported and admitted free of duty in the port of Boston, for nearly five years and a half. But subsequently, the department at Washington was informed. that "gunny cloth" was imported in large quantities, and sold for the purposes of cotton bagging; in consequence of which, another circular was issued by the comptroller, dated June 3d, 1839, instructing the collectors of the different ports to levy the cotton bagging duty "on all articles suitable for and used in making cotton bagging." This circular was repeated on the 12th of May, 1840. The importers of gunny cloth gave their bonds, in conformity with this requisition, but always under protest; and brought the question before the circuit court at its next sitting. This was at the October term, 1840. A verdict was then rendered, under instructions from Mr. Justice Story, in favor of the importers, upon the ground, that gunny cloth was not subject to a duty as cotton bagging within the meaning of the law. Bacon v. Bancroft [Case No. 714]. After this decision, instructions were transmitted to the collectors of the principal ports, by a circular dated January 19th, 1841, under which the article was admitted free of duty. This continued for a few months, when the former order of June 3d, 1839, was issued again by the comptroller of the treasury. Under this order, the collector of the port of Boston has compelled the importers to give bonds for duties on gunny cloth as cotton bagging, which they have done under protest, and paid under protest. This action, with others, was brought to recover back the money so paid.

Mr. Wigglesworth, Mr. Whitney, and Mr. Dixwell, merchants of Boston. testified, that they were acquainted with the trade with Calcutta and the East Indies, prior to 1832 (the year when the tariff was enacted); that

the article, "gunny," for a long series of years before, was well known as the covering of packages and bales of goods coming from the East Indies; that it had been imported in the shape of bags prior to 1832, and that it had been sometimes imported in whole pieces prior to 1832; that prior to 1832, it was well known among merchants as gunny, and was never included under the term "cotton bagging"; that its commercial name was "gunny," and that it had never been applied to the uses of cotton bagging until a considerable time after the passage of the tariff law, and about three or four years ago.

Depositions of New York merchants were offered, on the part of the defendant, in order to show, that the term, "cotton bagging," was, in 1832, applied to all fabrics intended for the baling of cotton. Mr. Brown, an assistant appraiser in the New York custom house, was also introduced by the defendant, to establish this view. He said, that the term, "cotton bagging" was not applied to a fabric of any one material; that generally the fabric was of hemp, tow, or flax; and that twenty years ago he had known it made of cotton. Most of the witnesses, who had deposed, in their answers to the cross-interrogatories, agreed with the witnesses for the plaintiffs, that if, in 1832, they had received an order from a distant correspondent for a certain quantity of cotton bagging, they should not, at that time, have considered it a proper compliance with the order, to send gunny cloth. They also agreed, that gunny cloth was never applied to the purposes of cotton bagging previous to 1832.

Charles G. Loring and Charles Sumner, for plaintiff.

F. Dexter, Dist. Atty., for defendant.

STORY, Circuit Justice, in summing up to the jury, said: The case turns upon a question of fact, dependent upon the true interpretation of the tariff law of 1832. If gunny cloths, or gunny bags, were at or before the passage of the tariff act of 1832, known or denominated by merchants, or in commercial trade, or business, as "cotton bagging," then the collector has acted rightly in demanding the duties. But if gunny cloth or gunny bags were at and before that period always known by merchants, or in commercial trade, or business, by a distinct name, and were never known by the denomination of "cotton bagging," then they are not liable to the payment of duties under the act of 1832, as cotton bagging. The tariff laws are to be construed according to the commercial sense of the terms used in them. If this were not so, they would operate, as a fraud upon the people, and upon the merchants, who are guided by them in their business. The language of merchants is looked to in the construction of commercial laws and commercial contracts. The government must show, that gunny cloth was known as "cotton bagging" in 1832, and had, at that time, acquired this appellation. Congress are not presumed to tax an article under a denomination, which it never bore; much less, if the article has always borne another distinct name. In the present case, if the evidence is believed, not only before and up to the passage of the act of 1832, but long afterwards, gunny cloths and gunny bags were always known by a distinct name and denomination, and never by the name of "cotton bagging." They never had been used or applied to the purposes of cotton bagging; but they were wholly used for other and different purposes; and they have been used for cotton bagging only within three or four years last past. If this evidence be true, and be believed by the jury, then the case is made out for the plaintiff. In articles of promiscuous use, the mere fact, that a particular article is now used for a new purpose, to which it has never before been applied, will not alone change its character, or make it liable to a different duty from that, which it was before liable to. Verdict for the plaintiff.